NITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Somdy L., | Case No. 20-cv-1962 (WMW/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Immigration and Customs Enforcement, | |
| Respondent. | |

Somdy L., *Pro Se* Petitioner

Ana H. Voss, Ann M. Bildtsen, and David Fuller, Assistant U.S. Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondent

On September 15, 2020 Somdy L. filed a habeas petition under 28 U.S.C. § 2241 seeking release from detenion on the ground that his removal to Laos was not likely in the reasonably foreseeable future. Docket No. 1. The Government responded on October 13, 2020 that Somdy L. had been released under an Order of Supervision on September 22, 2020. Response 1, Docket No. 8; Decl. of David Fuller ¶ 3 and Ex. A (Release Notification and Order of Supervision), Docket Nos. 9, 9-1.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.*

(internal quotation marks omitted). Mootness deprives the Court of the power to act; there is nothing for the Court to remedy. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Somdy L. has been released from United States custody, and thus his habeas petition is moot. *See Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.,* No. 10-cv-292, 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe [petitioner's] request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of [petitioner] from the United States renders any such claim moot.") (citing cases). Mootness deprives the Court of jurisdiction in this action.

## RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS THAT Somdy L.'s Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED AS MOOT and this action be DISMISSED WITHOUT PREJUDICE.

Dated: October 21, 2020                    s/David T. Schultz
                                           DAVID T. SCHULTZ
                                           U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).